## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**WILBUR ANDERSON,**                                                                                  **PLAINTIFF**

**V.**                                                                                  **NO. 4:07CV203-M-D**

**HUMPHREYS COUNTY SHERIFF'S DEPT., et al.,**                                         **DEFENDANTS**

### MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983.

Plaintiff, a state inmate, complains that he was held in the Holmes County Jail for one and one half

months without being granted an initial appearance or having a bond set. Plaintiff is seeking

monetary damages for his purported duress.

After carefully considering the contents of the *pro se* complaints and giving them the liberal

construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following

conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a

habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983.

*Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label

he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th

Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a

prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a

favorable determination would not automatically entitle the prisoner to accelerated release, the

proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus

judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997)

Dockets.Justia.com

(*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Other than being understandably distressed about his current confinement, it appears as though Plaintiff is merely attempting to have this court officiate the expeditious handling of the criminal state charges lodged against him.  To the extent Plaintiff is challenging the fact of his confinement, such a matter is plainly not appropriate for § 1983 relief.  Rather, Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983.  Plaintiff has provided no evidence that he has sought relief through a habeas corpus action.  Therefore, Plaintiff's claim is premature and devoid of any arguable legal theory worthy of further consideration.  Additionally, for a variety of well established cornerstone legal principles, this court will not interfere with or supervise on-going state court criminal proceedings.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory.  *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).  Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted.  Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 22nd day of January, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**